IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORRAINE S., | : | |
| | : | |
| Petitioner, | : | Case No. 2:22-cv-2257 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **OPINION & ORDER**

This matter comes before this Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 12), recommending that Plaintiff's action under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits (ECF No. 1), be denied and that this action be dismissed. For the following reasons, this Court **ADOPTS** the Magistrate Judge's R&R. (ECF No. 12). Plaintiff's Objections (ECF No. 13) are thus **OVERRULED**, and the Commissioner's non-disability determination is **AFFIRMED**.

### I. BACKGROUND

On August 26, 2019, Plaintiff filed an application for Disability Insurance Benefits alleging disability beginning December 4, 2017. (ECF No. 8 at 336–42). On May 4, 2021, after her application was denied initially and on reconsideration, the Administrative Law Judge ("ALJ") held a telephone hearing. (*Id*. at 166–91). The ALJ then denied Plaintiff's application in a written decision on May 18, 2021. (*Id*. at 11–36). The Appeals Council denied Plaintiff's request for review, making the Commissioner's decision final. (*Id*. at 1–76).

In her disability application, Plaintiff alleged a variety of medical issues. (ECF No. 8). At issue here is Plaintiff's fibromyalgia and other arthralgias, which manifested itself in continued low back pain, bilateral lower extremity pain and numbness/tingling, ongoing neck pain, and bilateral upper extremity pain. She also experienced a variety of other symptoms. (ECF No. 12 at 2–3). The ALJ found that Plaintiff's impairments, such as severe disorders of the cervical and lumbar spine as well as a depressive disorder, either singly or in combination, did not meet or medically equal a listed impairment as defined by the Social Security Administration. (ECF Nos. 8 at 17; 12 at 3). Further, upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record. . ." (ECF No. 8 at 20). Therefore, the ALJ concluded that Plaintiff did not qualify for disability benefits. (*Id.* at 29–30).

Plaintiff raised two objections to the ALJ's ruling in her Statement of Specific Errors. First, Plaintiff asserted that the ALJ failed to determine whether Plaintiff's fibromyalgia was a severe or non-severe impairment,[1] which inevitably resulted in the condition being classified as a non-medically determinable impairment. (ECF No. 9 at 9). Plaintiff contends that even if fibromyalgia is a non-severe impairment, the ALJ failed to conduct a separate evaluation of Plaintiff's other impairments (other than the disorders of the lumbar and thoracic spine and depressive disorder), but simply concluded that all impairments were non-severe. (*Id.* at 12). Second, Plaintiff argues that the ALJ violated 20 C.F.R § 404.1520C by failing to evaluate properly the opinions provided by Dr. Eric Lirio, a Rheumatology specialist. (*Id.* at 9, 12, 15).

---

[1] Pursuant to 20 CFR § 404.520(c) a severe impairment is any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities. A non-severe impairment is one that is "so slight" that it could not result in a finding of disability no matter how adverse a claimant's vocational factors. (ECF No. 9 at 13 (citing *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988))).

In response to Plaintiff's first issue, the Magistrate Judge reasoned that the finding of at least one severe impairment in an ALJ's evaluation for disability determinations is merely a threshold inquiry, which prompts a full investigation into the limitations and restrictions imposed by all the individual's impairments only if satisfied. (ECF No. 12 at 6 (citing *Fisk v. Astrue*, 253 Fed. App'x 580, 583 (6th Cir. 2007)). Further, "when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error'" *Id.* (quoting *Maziarz v. Sec'y of Health and Human Servs.*, 873 F.2d 240, 244 (6th Cir. 1987)). In other words, the ALJ is not required to find as many severe impairments as possible.

Further, the Magistrate Judge reasoned that even if the ALJ should have classified Plaintiff's fibromyalgia as a medically determinable impairment, the ALJ's decision amounts to harmless error. (ECF No. 12 at 7). Thus, while the ALJ only briefly addressed fibromyalgia in his decision, he considered its relevant symptoms and limited Plaintiff's Residual Functional Capacity ("RFC") to account for mobility issues and pain. (*Id.*). The Magistrate Judge goes on to state that Plaintiff does not explain how the diagnosis of fibromyalgia leads to a different RFC. (*Id.*). For these reasons, the Magistrate Judge recommends that the first error be overruled. (*Id.*).

In response to Plaintiff's challenge to the ALJ's evaluation of Dr. Lirio's opinion regarding Plaintiff's fibromyalgia diagnosis, the Magistrate Judge concluded that the ALJ properly considered medical and non-medical evidence, building a logical bridge between the evidence and his conclusion. (ECF No. 12 at 13). Regarding the conflicting evidence in Dr. Lirio's opinion, the ALJ stated, "the level of [Plaintiff's] limitation is not fully supported by the longitudinal treatment records during the relevant period – specifically the limitations on standing/walking; use of hands, fingers, and reaching; off-task percentage of a typical day; additional breaks; and absences per

month." (ECF No. 8 at 25). Further, the Magistrate Judge reasoned that the ALJ is not charged with resolving conflicts in medical evidence. (ECF No. 12 at 13 citing *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984)).

Plaintiff contends that the ALJ improperly classified Plaintiff's fibromyalgia, leading to an inaccurate RFC. (ECF No. 13 at 2).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b)(3), when reviewing objections to an R&R, "[t]he district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Thus, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instruction." *Id.*

This Court's role in this Social Security case "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman v. Astrue*, 920 F.Supp.2d 861, 863 (S.D. Ohio 2013) (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). The Commissioner's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th

4

Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Ealy*, 594 F.3d at 512.

### III. LAW AND ANALYSIS

Plaintiff argues on objection that the ALJ incorrectly classified her fibromyalgia as a non-medically determinable impairment, essentially treating it as if "the impairment did not exist." (ECF No. 13 at 2–3). Therefore, the ALJ failed to consider the impairment when evaluating the RFC. (*Id.*). Plaintiff's objection fails for two reasons.

First, while it is true that an ALJ is not legally required to consider non-medically determinable impairments in the RFC analysis, this does not imply that the ALJ did not consider it at all when crafting the RFC. *Smith v. Comm'r of Soc. Sec.*, No. 2:20-cv-1511, 2021 WL 972444 at *10, *R&R adopted*, 2021 WL 1516173 (S.D. Ohio Mar. 16, 2021). For example, in furthering his analysis of Plaintiff's fibromyalgia, the ALJ states, "[t]reatment records indicted. . . fibromyalgia[] and osteoarthritis seemed to be localized to the cervical and lumbar spine, and she was continued on gabapentin and Effexor was optimized to 112.5 mg/day." (ECF No. 8 at 23). The ALJ considered the relevant symptoms of Plaintiff's fibromyalgia and "the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence," and limited the RFC to account for the complications and pain it caused. (ECF Nos. 8 at 20; 12 at 7). Similarly, in *Smith*, the Court reasoned that "regardless of whether the ALJ explicitly designated [the plaintiff's] neuropathy as a medically determinable . . . impairment, the ALJ considered these impairments when assessing the medical evidence and deciding how her impairments impacted her ability to work. Plaintiff has failed to show reversible error as a result." 2021 WL 972444 at *10. Here, the ALJ "showed [his] work" by considering Plaintiff's symptoms

5

of fibromyalgia even where such analysis is not required. Thus, Plaintiff fails to show how the ALJ committed any reversible error.

Second, Plaintiff simply restates her previously presented argument that the ALJ's ruling that the fibromyalgia was non-medically determinable resulted in it not being considered in her overall disability determination. (ECF No. 13 at 3). This is fundamentally the same argument that Plaintiff makes in the Statement of Errors (ECF No. 9). A "non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the Magistrate Judge and results in a duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, No. 13–12745, 2014 WL 6750310 at *7 (E.D. Mich. Dec. 1, 2021). Plaintiff's objection is consistent with her previously stated errors, and therefore does not identify any new errors on the part of the Magistrate Judge. Thus, Plaintiff's objection fails.

## IV.    CONCLUSION

For the above-mentioned reasons, the Magistrate Judge's R&R (ECF No. 12) is **ADOPTED**. As such, Plaintiff's Objections (ECF No. 13) and Statement of Specific Errors (ECF No. 9) are **OVERRULED,** and the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  August 21, 2023**